G. H. Copenhaver *et al.* v. United Fuel Gas Company, *et al.*

(No. 6873)

Submitted January 27, 1931. Decided February 3, 1931.

W. S. *Ryan* and *Thomas P. Ryan,* and *Poffenbarger & Poffenbarger,* for appellants.

*Harold A, Ritz, Brown, Jackson & Knight,* and *B. J. Pettigrew,* for appellees.

WOODS, JUDGE:

The principal object of this suit is to quiet title. The plaintiffs, claiming title to the oil and gas and other minerals, except coal, underlying a 250 acre tract of land, situate in Kanawha County, pray for partial cancellation of muniments of title under which the defendants claim, and an injunction restraining certain of their number from exploring for and developing the lands in controversy for oil and gas. An original and three separate amended and supplemental bills were filed over a period of three years. The circuit court having sustained the demurrer to the third amended and supplemental bill and the plaintiffs not desiring further to amend, dismissed the cause; hence this appeal.

The title to the surface of the land is not disputed. The controlling question for determination is, did the bills, and exhibits filed therewith, show title in the plaintiffs to the minerals claimed?

Since the plaintiffs pleaded no facts surrounding the execution of the two deeds under which they claim, we are limited to a construction of the deeds themselves. The first, bearing date of March 26, 1884, is from T. B. Swann to Mary Susan Silman; and the second, bearing date of August 20, 1887, between C. C. Lewis, trustee, and others, parties of the first part, T. B. Swann and wife, of the second part, and Preston Silman and Mary, his wife, of the third part, is a "mutual" or partition deed.

The deed of 1884 recites: "That in consideration of $700.-00 paid by assignment made by P. Silman to T. B. Swann of part of a judgment he holds against est. of A. H. Bush, the parties of 1st part, do grant unto sd Mary Susan Silman one undivided fourth part of the surface in a tract of 1006-3/4

acres of land [setting out boundaries], the surface here conveyed is to be laid off to Mary Susan Silman * * * and said Swann reserves all the coal in this tract of land to himself from—with this exception said Mary S. Silman is to have the right to dig, use & carry away from same so much coal as may be necessary for grate & fuel purposes for any houses she or those under her may build on their land, and said Swann & wife warrant generally sd surface rights in sd land unto sd Mary S. Silman from.''

The plaintiffs contend that this deed, standing alone and properly construed, vested in the grantee title to all of the minerals, except coal, in whatever was conveyed under the designation ''surface''. The demurrants, however, so interpret it as to vest title to Mary Susan Silman only in the surface, plus the right to use coal for domestic purposes. The plaintiffs properly announce the rule to be that in the construction of a deed, the intent of the parties should be ascertained from the provisions thereof considered as a whole, and that, if such meaning and intent is left in doubt, the doubt should be resolved in favor of the grantee and against the grantor. As already shown, the first deed grants ''unto Mary Susan Silman one undivided fourth part of the surface in a tract of 1006-3/4 acres of land''; recites therein that ''the surface here conveyed is to be laid off to Mary Susan Silman'' in a certain part of the tract; and ''warrants generally Sd Surface rights in sd land unto sd Mary S. Silman.'' While a grant of the ''surface'' ordinarily signifies the superficial part of the land (*Drummond* v. *Fuel Co.*, 104 W. Va. 368), plaintiff's assert that the subsequent reference to the coal indicates that it meant to carry all minerals not excepted.

Plaintiffs rely upon the doctrine announced in *Ramage* v. *Oil Company*, 94 W. Va. 81, to sustain their interpretation of the estate conveyed to Mary S. Silman. In that case while the surface was conveyed in the deed there was a reservation of the oil and gas thereunder. The court held that the party getting the surface secured title to the coal thereunder. But that case is distinguished from the instant one in that all the circumstances surrounding the parties were taken into consideration in making that finding. The Court there laid down the rule that the term ''surface,'' when used as a sub-

ject of a conveyance, is not a definite one capable of universal application, but is susceptible of limitation according to the intention of the parties using it; and in determining its meaning regard may be had, not only to the language of the deed in which it occurs, but also the situation of the parties, the business in which they were engaged, and the substance of the transaction.

Under the rule announced in the *Ramage* case, the Court may look to the surrounding circumstances to aid it. We are limited here, however, to the partition deed. The first recital therein is to the effect that Swann, party of the second part, had, in 1884, conveyed an interest in the "surface" and that the grantee (Mary Susan Silman), one of the parties of the third part, in that deed had entered thereon and laid off and assigned to herself, without the consent of the other owners of said tract, 250 acres as her interest in severalty. No reference was made therein to any attempted possession over or ownership in the minerals. Then follows four separate conveyances between the three several parties. The first, after reciting a nominal consideration, states that "said parties of the first part do grant, set apart and confirm unto Mary S. Silman *as her interest in said tract,* the surface in the following boundary of land out of said tract * * *. To have and to hold the surface in said tract of land." Next, a conveyance by Silman and wife to the parties of the first part of "the *surface* in the residue of the said tract, after deducting therefrom the tract of 250 acres hereinbefore conveyed to said Mary S. Silman, as their interest in the *surface* in said tract. The third, from Swann to Lewis, and the fourth, from Lewis to Swann, each conveyed "all their interest in the surface." So far there had been no reference to the minerals, but the last clause in the partition deed makes this recital: "The coal, mineral and gas in these lands remain to the several parties as heretofore held by them." It cannot be said, therefore, that the parties had not in mind the fact that there were two distinct ownerships in the land—surface and minerals— and so contracted. Admittedly, Swann, being the owner of an undivided interest in the estate sold to Mary S. Silman, could not by his deed of 1884 have vested her with title to the minerals in severalty. It is equally certain that the partition deed

did not even purport to deal with the minerals. The latter deed made the specific provision that the amount of land allotted to her, which was the surface, *was to be her interest in said tract,* while the interests allotted to the other parties to the partition were as plainly limited to the *surface.*

There can be no doubt that in determining the meaning of indefinite and ambiguous contracts, the construction placed upon the contract by the parties themselves is to be considered by the court. In such case the practical interpretation by the parties themselves is entitled to great, if not controlling influence in ascertaining their understanding of its terms. In fact, where from the terms of a contract, or the language employed, a question of doubtful construction arises, and it appears that the parties themselves have practically interpreted their contract, the courts will generally follow their construction. 6 R. C. L., Contracts, section 241. The foregoing rule finds abundant support in our decisions. Especially is this true where interpreted by a subsequent agreement, as is the case here. *Summit Coal Co.* v. *Raleigh Smokeless Fuel Co.,* 99 W. Va. 11; *Penix* v. *Gas Co.,* 99 W. Va. 310. So, adopting the rule of interpretation hereinbefore announced, we are irresistibly led to the conclusion that Mary Silman took nothing by her deed except the surface allotted to her by the partition deed and the right to the use of coal for domestic purposes.

Such being the case, we are of opinion to affirm the decree complained of.

*Affirmed.*